UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SUAREZ,<br><br>         Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary, U.S. Department of the Navy,<br><br>         Defendant. | Case No.: 22-CV-0021-GPC-BLM<br><br>**ORDER CONDITIONALLY GRANTING AMENDED MOTION TO WITHDRAW AS COUNSEL EFFECTIVE THIRTY (30) DAYS FROM ORDER**<br><br>**[ECF No. 65]** |

  Before the Court is a motion by Plaintiff Maria Suarez's Counsel to withdraw as counsel. ECF No. 65. For the reasons that follow, the Court hereby CONDITIONALLY GRANTS the motion for leave to withdraw as counsel, effective thirty (30) days from the date of this Order.

**I. BACKGROUND**

  Counsel asserts that in December 2021 Suarez retained the law firm Tully Rinckey, PLLC for the limited scope of opposing Defendant Carlos Del Toro's motions to dismiss and to transfer venue. ECF No. 65 at 2. Around April 22, 2022—after Suarez's case was transferred to this Court and dismissed with leave to amend, *see* ECF No. 28 (order granting

1

22-CV-0021-GPC-BLM

motion to transfer); ECF No. 37 (April 6, 2022 Order granting motion to dismiss)—Counsel alleges Suarez again agreed to "extend[] her scope of representation with Tully Rinckey, PLLC to only include drafting and submitting an amended complaint pursuant to the April 6, 2022 Order," ECF No. 65 at 2.  Around October 18, after Suarez received notification from Counsel that the scope of representation was complete, Suarez again purportedly "agreed to additional representation through the" Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC").  ECF No. 65 at 3.  On November 28, the day the ENE and CMC were held without resolution, Counsel "notified [Suarez] via email that upon the conclusion of the ENE and CMC, an extended scope retainer agreement would be need [sic] to continue representation."  *Id*.  Shortly thereafter, Suarez purportedly indicated via email that she would not be able "to retain Tully Rinckey, PLLC for further representation."  *Id.*

On December 7 Counsel for Plaintiff Suarez in the above-captioned action moved to withdraw as counsel.  *Id.* at 4.  Counsel alleges that "[w]ritten discovery . . . is set to commence by January 31, 2023 and therefore Plaintiff will have [a] sufficient amount of time to seek new counsel if she so desires without any prejudice to either party."  *Id.* at 4.  Counsel failed to mention, and Del Toro points out in his non-opposition, that Suarez had responses to requests for production and interrogatories due by January 2, 2023 which were "necessary . . . to prepare for [Suarez]'s Rule 35 examination on January 11, 2023."  ECF No. 70 (referring to ECF No. 67).

On December 19, 2022, the Court held a hearing on Counsel's motion for leave to withdraw.  ECF No. 71.  Suarez participated by phone and indicated she had already given Tully Rinckey roughly $22,000 for their legal services; that she could not afford to pay them an additional retainer; and that she needed help completing the interrogatories and requests for production.  When asked by the Court whether Counsel could extend legal assistance to Suarez to get her through the impending January 11 deadline, Counsel

indicated that he was not in a position to approve pro bono services on behalf of Tully Rinckey.

The Court granted the motion for leave to withdraw as counsel as to Steven L. Herrick, who had retired, but took the matter under submission as to Ryan C. Nerney. ECF No. 71. The Court extended the due date of Suarez's responses to requests for production and interrogatories from January 2, 2023 to February 3, and extended the time for the Rule 35 examination to be completed to February 17, 2023. *Id.* Del Toro subsequently asked the Magistrate Judge to reinstate the Rule 35 examination date of January 11. ECF No. 72. The Magistrate Judge required Suarez to file any opposition to the motion to reinstate the deadline by December 27, ECF No. 74, and subsequently granted the motion when Suarez did not submit any opposition, ECF No. 75.

## II.     LEGAL STANDARD

Granting or denying a motion to withdraw as counsel is within the discretion of the district court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (reviewing denial of motion to withdraw for abuse of discretion); *In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). Factors commonly considered when determining whether counsel should be permitted to withdraw include: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *In re Saber*, 2022 WL 11592836, at *1.

In a federal proceeding, a lawyer's conduct, including his or her duties to the client, is governed by the ethical rules of the relevant court. *See In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("The state code of professional responsibility does not by its own terms apply to sanctions in the federal courts. Federal courts admit and suspend attorneys as an exercise of their inherent power; the standards imposed are a matter of federal law."). "When an attorney appears before a federal court, he is acting as an officer of that court, and it is that

court which must judge his conduct." *Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964). Absent specific ethical standards from case law, court rules, and adopted rules of professional conduct, *see In re Snyder*, 472 U.S. at 645, those standards "promulgated by the American Bar Association" ("ABA") offer "appropriate guidance for finding the current national standards of ethical norms." *In re Mitchell*, 901 F.2d 1179, 1184 (3d Cir. 1990) (quoting *In re Corn Derivs. Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984)).

The Civil Local Rules do not explicitly address the matter of duties owed by attorneys to their clients. The San Diego County Bar Association ("SDCBA") instructs that "[l]awyers must observe all rules of law, including the California Rules of Professional Conduct and the State Bar Act, particularly [Business & Professions Code] § 6068." The Local Rules adopt the SDCBA's code of attorney conduct "in substantial part," but omits the portion requiring that attorneys observe the California Rules of Professional Conduct and Business and Professions Code. *See* Civ. L. R. 2.1. The Local Rules previously required that attorneys practicing before the Southern District of California "comply with the standards of professional conduct required by the members of the State Bar of California," but amendments have since omitted that requirement. *See Riddle v. Nat'l R.R. Passenger Corp.*, No. 14-CV-1231, 2014 WL 5783825, at *4 (S.D. Cal. Nov. 5, 2014) (quoting Civ. L. R. 83.4); *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-0594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (same). The Court accordingly looks to the ABA's Model Rules of Professional Conduct. *See Mitchell*, 901 F.2d at 1184.

The Court has not been presented with Suarez's and Tully Rinckey's legal services agreement and does not purport to rule on the extent to which Counsel has complied with accepted rules of professional conduct. However, the Court finds that several Model Rules tend to implicate matters the Court should consider regarding the pending Motion for Leave to Withdraw as Counsel. Rule 1.2(c), concerning the scope of representation, permits lawyers to "limit the scope of the representation if the limitation is reasonable under the

circumstances and the client gives informed consent." Comment 7 to Rule 1.2 emphasizes the importance of reasonableness under the circumstances:

> If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation. *Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely*. Although an agreement for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. See Rule 1.1. (Emphasis added.)

Rule 1.5 concerns fees. Comment 5 to Rule 1.5 implicates the current issue before the court:

> An agreement may not be made whose terms *might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest*. For example, a lawyer should not enter into an agreement whereby services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the *client might have to bargain for further assistance in the midst of a proceeding or transaction*. However, it is proper to define the extent of services in light of the client's ability to pay. A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures. (Emphasis added.)

### III.   DISCUSSION

The Court finds that good cause exists to conditionally grant Counsel's Motion for Leave to Withdraw as Counsel. The scope of representation to which Counsel and Suarez have agreed has purportedly terminated, and Suarez has indicated an inability to pay for additional legal services. "Failure to pay attorney's fees can be a valid ground for

withdrawal." *Leatt Corp. v. Inn've Safety Tech., LLC*, No. 09-CV-1301, 2010 WL 444708, at *2 (S.D. Cal, Feb. 2, 2010); *see* Model Rules of Pro. Conduct r. 1.16(b)(5) (Am. Bar. Ass'n, 1983). Given that Suarez has purportedly already paid $22,000 in legal fees to Tully Rinckey and the impending discovery deadlines, the Court concludes that other factors counsel against immediately granting the Motion for Leave to Withdraw as Counsel.

Despite Counsel's assertion to the contrary, the Court finds that allowing Counsel to withdraw immediately—whether today or a month ago when the motion was filed—would be prejudicial to both Suarez and Defendant Del Toro in this proceeding. Suarez has emphasized that she needs help responding to Del Toro's requests for production and interrogatories.[1] Del Toro has emphasized the importance of holding the Rule 35 examination on January 11, 2023. *See* ECF No. 72 (discussing conflicts that would arise if examination were rescheduled). The Court is concerned that Counsel omitted any reference to these early January deadlines in its Motion for Leave to Withdraw as Counsel, *see* ECF No. 65 at 4 (absence), and that the Court instead received notice of these dates from the opposition, *see* ECF No. 70.[2] Immediate withdrawal would therefor impermissibly delay the proceedings, and the timing of Counsel's motion suggests that regardless of the retainer agreement in place, Counsel may have been induced to improperly and prejudicially curtail services for Suarez or perform them in a way contrary

---

[1] Suarez most recently expressed her concerns to the Court via ex parte phone calls on January 9 and 10, 2023. Counsel is hereby instructed to remind their clients of the rules pertaining to communicating with Chambers and to emphasize that Chambers is prohibited from giving legal advice.

[2] Although the Rule 35 examination was not approved by the Court until December 8, the day after Counsel's motion for leave to withdraw, ECF No. 67, Counsel had signed the December 6 Joint Motion For Order Authorizing Fed. R. Civ. P. 35 Defense Examination, ECF No. 63 at 4.

to Suarez's interests.  *See* Model Rules of Pro. Conduct r. 1.5 cmt. 5 (Am. Bar. Ass'n, 1983).

Counsel is thus permitted to withdraw, subject to Counsel's compliance with its existing and ongoing ethical obligations to its client, which entail advising Suarez with the Rule 35 examination and related requests for production and interrogatories at no additional cost to Suarez.  To the extent Counsel is agreeable to proceeding in this matter, the Court will forgo any further inquiry into the extent to which Counsel has complied with the relevant rules of professional conduct thus far.  Upon completion of the Rule 35 examination and related requests for production and interrogatories, Counsel is instructed to file a status report with the Court attesting to their completion.

Suarez has been on notice at least since December 7, 2022 of her need to either pay additional retainer fees to Tully Rinckey or to find alternative legal counsel.  Suarez is instructed that within thirty days of the date of this Order she shall notify the Court whether she will proceed in this matter represented by Tully Rinckey, represented by alternative counsel, or self-represented.

**IT IS SO ORDERED.**

Dated:  January 10, 2023

Hon. Gonzalo P. Curiel
United States District Judge